# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FOR THE MUTUAL ASSISTANCE OF HARJU COUNTY COURT, ESTONIA,<br><br>Petitioner. | Case No.  1:16-mc-00039-DAD-SAB<br><br>ORDER APPOINTING UNITED STATES ATTORNEY VICTORIA L. BOESCH AS COMMISSIONER AND COMPELLING DISCOVERY FROM THOMAS EMANUEL PACHECO<br><br>(ECF No. 1) |

On May 4, 2016, an application for an order appointing a commissioner and compelling discovery was filed by the United States in the Sacramento Division of the Eastern District of California.  (ECF No. 1.)  On June 29, 2016, the matter was transferred to the Fresno Division of the Eastern District of California to be decided by the undersigned.  Local Rule 302(c)(2).

At the request of the Estonian Ministry of Judge for the District Court in Harju County, Estonia, pursuant to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), the United States requests this Court appoint Assistant United States Attorney Victoria L. Boesch as a commissioner and compel Thomas Emanuel Pacheco to provide testimony for use in a dissolution of marriage proceeding in Harju County Court, Estonia.  (Request for International Assistance Pursuant to the Hague Convention of 18

March 1970 on the Taking of Evidence in Civil or Commercial Matters, ECF No. 1-1 at 5-7.[1]) Mr. Pacheho has been contacted and requested to provide such testimony voluntarily and has refused to do so. (Victoria L. Boesch Declaration Supporting Application for Order Appointing Commissioner and Compelling Discovery Pursuant to 28 U.S.C. § 1782, ECF No. 1-1 at 1-3.)

    Pursuant to the Hague Convention a letter of request shall specify -

    a) the authority requesting its execution and the authority requested to execute it, if known to the requesting authority;
    b) the names and addresses of the parties to the proceedings and their representatives, if any;
    c) the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto;
    d) the evidence to be obtained or other judicial act to be performed.

    Where appropriate, the Letter shall specify, inter alia –
    e) the names and addresses of the persons to be examined;
    f) the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined;
    g) the documents or other property, real or personal, to be inspected;
    h) any requirement that the evidence is to be given on oath or affirmation, and any special form to be used;
    i) any special method or procedure to be followed under Article 9.

(Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Chapter 1, Article 3, Oct. 7, 1972, 23 U.S.T. 2555, T.I.A.S. No. 7444, 1972 WL 122493, attached at ECF No. 1-1 at 12-19.) The letter of request received complies with the requirements of Article 3 of the Hague Convention. (See ECF No. 1-1 at 5-10.)

    Under section 1782 of the United States Code, a district court may order a person residing in or found with its jurisdiction to give testimony or produce documents for use in a proceeding in a foreign or international tribunal. 28 U.S.C. § 1728(a); Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). The district court is authorized and has the discretion to grant a request under section 1728(a) where the person from whom discovery is sought resides or is found in the district of the district court to which the application is made, the discovery is to be used in a proceeding before a foreign tribunal, and a foreign or international tribunal or any interested person is making the application. Schmitz v. Bernstein Liebhard &

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  Lifshitz, LLP., 376 F.3d 79, 81 (2d Cir. 2004).

2  In exercising its discretion, the court should consider the following factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." Intel, 542 U.S. at 264-65. The court should also consider the twin aims of the statute to assist foreign courts and litigants and to encourage foreign jurisdictions to provide reciprocal assistance to American courts. Schmitz, 376 F.3d at 81. There is no requirement that the information sought would be discoverable under the law governing the foreign proceeding or that the laws in the United States would allow discovery in an analogous domestic proceeding. Intel, 542 U.S. at 247, 261-63.

Petitioner has met the minimum requirements of section 1782. Mr. Pacheco resides in Los Banos, California, which is within this district. The discovery requested is for use in the dissolution of marriage proceeding in the District Court in Harju County, Estonia which qualifies as a foreign tribunal. It is the foreign tribunal that is requesting assistance in conducting discovery in the matter before it. The foreign tribunal has sent a letter of request pursuant to the Hague Convention.

Section 1782 provides that the Court "may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement." 28 U.S.C. § 1728(a). The Court finds that good cause exists to exercise its discretion to authorize the requested discovery and appoint Assistant United States Attorney Victoria L. Boesch as a commissioner to obtain the testimony of Mr. Pacheco.

Mr. Pachco is a party to the dissolution of marriage proceeding in the Estonian lawsuit. The Estonian Ministry of Judge for the District Court in Harju County, Estonia is seeking the discovery which demonstrates that the Estonian Court is receptive to the discovery sought and

this is not an attempt to circumvent any foreign restrictions related to the discoverability of the requested information.  Finally, the requested information is not unduly burdensome or intrusive. The District Court in Harju County, Estonia seeks an answer regarding:

> 1) whether the Defendant has objections with respect to the fact that the Court initiated the proceedings or there are grounds to dismiss the claim without prejudice or terminate the proceedings if the Defendant has not already expressed his view as related to that;
> 2) whether the Defendant acknowledges the claim having admitted the demands submitted against the Defendant in the legal claim;
> 3) all his petitions and assertions, as well as confirmations for proof of every submitted actual assertion and what the Defendant wants to confirm by every indicated evidence;
> 4) whether the Defendant wishes to counterclaim;
> 5) express his opinion concerning distribution of procedural expenses (sections 138, 144 of the Code of Civil Procedure) and amount of the procedural expenses.

(ECF No. 1-1 at 10.

Based on the foregoing, IT IS HEREBY ORDERED that pursuant to 28 U.S.C. § 1782, Assistant United States Attorney Victoria L. Boesch is appointed as commissioner and is authorized to issue subpoenas reasonably necessary to compel Thomas Emanuel Pacheco to provide testimony and information for use in a judicial proceeding in the Harju County Court, Estonia.

IT IS SO ORDERED.

Dated:   **June 30, 2016**

UNITED STATES MAGISTRATE JUDGE